The undersigned respectfully dissents from the Opinion and Award of the majority. I do not believe that plaintiff is entitled to continuing temporary total disability benefits. The greater weight of the evidence shows that plaintiff is capable of returning to work. The evidence shows that plaintiff did not participate fully in three different functional capacity evaluations, and videotape surveillance shows that plaintiff demonstrates pain and disability only when in the presence of others. The seventeen month videotaped history shows that plaintiff is capable of activity and static positioning in excess of that required during her attempted return to work. Mike Piercy, a vocational specialist, testified that plaintiff's actions during the videotapes and during her functional capacity evaluation were inconsistent. There is further testimony presented by Dr. Burke that plaintiff has motivation to perpetuate her disability as she is currently receiving social security disability checks which would be affected if she returns to work. Accordingly, plaintiff is not judged by the undersigned to be credible. As the primary basis for finding that plaintiff remains disabled is plaintiff's testimony, I would affirm the findings of fact of the deputy commissioner that plaintiff is capable of returning to work.
The undersigned also dissents from the majority's finding that defendant failed to produce the November 22, 2002 surveillance videotape in bad faith, and sanctioning defendant as a result. The greater weight of the evidence shows that defendant did not intentionally fail to disclose the tape, but did so inadvertently. There was no evidence that defendant omitted the videotape in an attempt to mislead plaintiff's counsel. As such, I believe that it is inappropriate to award sanctions under these circumstances. Further, the sanction of $5,000.00 is excessive and unwarranted.
This the 8th day of March, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN